UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MARTIN,<br><br>        Plaintiff,<br><br>   v.<br><br>UNKNOWN,<br><br>        Defendant. | Case No. 19-00968 BLF (PR)<br><br>**ORDER GRANTING REQUEST FOR VOLUNTARY DISMISSAL** |

On February 21, 2019, Plaintiff, proceeding *pro se*, filed a letter which the Court construed as an attempt to initiate a civil rights action pursuant to 42 U.S.C. § 1983. (Docket No. 1.) On February 26, 2019, the Clerk sent Plaintiff a notice informing him that he must file a complaint on the proper form within twenty-eight days or the action would be dismissed. (Docket Nos. 2, 4.) A blank complaint form and postage-paid return envelope were enclosed with the notice. (*Id.*) The Clerk also sent a separate notice informing Plaintiff that he needed to either pay the filing fee or file an *In Forma Pauperis* ("IFP") application within twenty-eight days to avoid dismissal. (Docket Nos. 3, 4.)

In response, Plaintiff filed a letter on March 28, 2019, stating that he would like "to stand down on pursuing a lawsuit on this issue but would like a *Plata* prospective relief,"

1 | citing to 18 U.S.C. § 3626(a)(1). (Docket No. 5.) Plaintiff states that he is "one of many *Plata* class action members afflicted with serious medical needs." (*Id.*)

A plaintiff has the absolute right to dismiss his or her action by filing a notice of dismissal "at any time before service by the adverse party of an answer or of a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(i). Said dismissal may be with or without prejudice, but unless plaintiff's notice of dismissal states otherwise, it is deemed to be "without prejudice." *See* Fed. R. Civ. P. 41(a)(1); *Humphreys v. United States*, 272 F.2d 411, 412 (9th Cir. 1959). Because no adverse party has been served in this matter, the Court construes Plaintiff's letter as a request for voluntary dismissal, and because good cause has been shown, grants the request.

With respect to Plaintiff's request for prospective relief, the PLRA requires that to grant prospective relief, the court must find that "the prospective relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1). The court's imposition of a receivership in *Plata* complied with these requirements. *Plata v. Schwarzenegger*, 603 F.3d 1088, 1098 (9th Cir. 2010). Accordingly, to the extent that Plaintiff is attempting to obtain relief under *Plata*, he should direct complaints regarding his medical healthcare to the Receiver in that matter.

Based on the foregoing, Plaintiff's request for voluntary dismissal is **GRANTED**. *See* Fed. R. Civ. P. 41(a). This action is **DISMISSED** without prejudice. The Clerk shall terminate all pending motions and close the file.

**IT IS SO ORDERED.**

Dated: April 24, 2019

BETH LABSON FREEMAN
United States District Judge

Order Granting Request for Vol. Dism.
P:\PRO-SE\BLF\CR.19\00968Martin_vol.dism